

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0512-09

---

**JULIAN KUCIEMBA, Appellant**

**v.**

**THE STATE OF TEXAS**

---

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FOURTEENTH COURT OF APPEALS
WASHINGTON  COUNTY**

---

**Meyers, J.,** *filed a dissenting opinion.*

### <u>DISSENTING OPINION</u>

The issue before the Court is whether the State must present *direct* evidence of a temporal link between driving and intoxication when a defendant is charged with driving while intoxicated.  The majority concludes that the *circumstantial* evidence offered in this case was sufficient to support Appellant's conviction.  I respectfully dissent.

I agree with the court of appeals that there is "neither direct nor circumstantial evidence to establish the necessary temporal link" between Appellant's driving and his

intoxication. *Kuciemba v. State*, No. 14-08-00050-CR, 2009 Tex. App. LEXIS 1728 (Tex. App.–Houston [14th Dist.] March 10, 2009, pet. granted) (mem. op., not designated for publication).

Viewing the evidence in the light most favorable to the State, we consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The following is the only evidence cited by the majority as being legally sufficient to support Appellant's conviction for driving while intoxicated:

1. Appellant's intoxication at the scene of a traffic accident in which he was a driver.
2. The accident was a one-car collision with an inanimate object.
3. Appellant's failure to brake.
4. Appellant's presence behind the steering wheel, with bleeding lacerations, when the deputy arrived on the scene.
5. Appellant's high blood-alcohol level from a sample taken at the scene of the accident.

What this evidence demonstrates is that Appellant did not operate his car in a safe manner just prior to the accident and that he was intoxicated at the accident scene. But, as correctly noted by the court of appeals, these facts do not establish directly or circumstantially that Appellant was intoxicated at the time that he was driving. The State did not offer evidence relating to the time of the collision or how much time elapsed between the accident and the arrival of police.[1] Nor did the State offer details pertaining

---

[1]Had the responding officer testified, for example, that the engine was warm or that it was still running, the jury could have extrapolated that Appellant was in fact intoxicated while he was driving.

to what or when Appellant drank.

After viewing the evidence in the light most favorable to the prosecution, I do not see how any rational trier of fact could have found the essential elements of driving while intoxicated beyond a reasonable doubt. The evidence presented in this case is legally insufficient to show that Appellant was "intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04. Therefore, I would affirm the judgment of the court of appeals.

Meyers, J.

Filed: May 26, 2010

Publish